45169. ABERNATHY v. GEORGIA KRAFT COMPANY et al.

(364 SE2d 851)

HUNT, Justice.

Elmo Dale Abernathy brought this action against Stonewall and Harbin King, owners of certain property, and Georgia Kraft Company, the grantee of timber rights to the property, seeking actual and punitive damages for injuries allegedly caused to his hunting rights by the removal of timber on the property. Abernathy appeals from the trial court's grant of partial summary judgment to Georgia Kraft Company. We affirm.

The agreement between Abernathy and the owners' predecessors, granting hunting rights on the subject property to Abernathy, does not prohibit or restrict in any manner the owners' prerogative to lease timber rights to the property. Abernathy's allegations that Georgia Kraft Company's timber rights in the subject property were invalid because of his pre-existing hunting rights, and that Georgia Kraft Company was therefore liable to Abernathy for damages in exercising the timber rights, do not state a claim as a matter of law. "The right of hunting on another's lands or waters may be acquired by a grant or lease from the owner, either with or without an interest in other land, and with such restrictions or limitations as the owner may see fit to impose, the validity of the grant being determined by the ordinary rules governing the creation of interests in real property, and the extent of his right or liabilities being determined by the application of the ordinary rules of construction to the terms of the grant. . . . [H]is rights must be strictly construed, and cannot be extended beyond the terms of the grant. . . . In the absence of express restrictions the grantor, if he acts in good faith, may do any act of husbandry, although it injures the hunting, but he is liable in damages to the owner of the hunting privilege if he does such acts in bad faith." 38 CJS 3, 4, Game, § 4 (1943).

Accordingly, the trial court properly granted summary judgment in Georgia Kraft Company's favor on Counts II and III of the complaint, reserving for the jury the question of whether the acts of either the owners or Georgia Kraft were done in bad faith.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 12, 1988.

*Duard R. McDonald,* for appellant.
*Karl M. Kothe, Groze Murphy, Jr.,* for appellees.